THE PEOPLE OF THE STATE OF NEW YORK ex rel. MAX PINCUS et al., Appellants, against WILLIAM A. ADAMS, as Warden of Tombs Prison, Respondent.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN J. WILLIAMS et al., Appellants, against WILLIAM A. ADAMS, as Warden of Tombs Prison, Respondent.

448

(Argued May 19, 1937; decided June 2, 1937.)

*Lawrence Kovalsky, David Goldstein* and *Joseph W. Ferris* for appellants. Chapter 328 of the Laws of 1936 deprived appellants of their substantial rights and, therefore, violates section 10 of article 1 of the United States Constitution. (*People ex rel. Tweed* v. *Liscomb,* 60 N. Y. 559; *People* v. *Faden,* 271 N. Y. 435; *People ex rel. Alpha P. C. Co.* v. *Knapp,* 230 N. Y. 48; *People ex rel. Dixon* v. *Lewis,* 249 App. Div. 464; *Freeman* v. *United States,* 227 Fed. Rep. 732; *People* v. *Altman,* 147 N. Y. 473; *McElroy* v. *United States,* 164 U. S. 76; *Summers* v. *United States,* 231 U. S. 92; *People* v. *Wilson,* 151 N. Y. 403; *People* v. *Adler,* 140 N. Y. 331; *People* v. *Goldner,* 70 Misc. Rep. 199.) Chapter 328 of the Laws of 1936 violated an additional substantial right of appellants in that it changed the nature of the indictment which could properly have been found against them at the time of the alleged commission of the offenses with which they are charged. (*People* v. *Bogdanoff,* 254 N. Y. 16; *People ex rel. Battista* v. *Christian,* 249 N. Y. 314; *People* v. *Cosmo,* 205 N. Y. 91; *People* v. *Dunn,* 157 N. Y. 528; *Stokes* v. *People,* 53 N. Y. 164; *Thompson* v. *Utah,* 170 U. S. 343; *Matter of Medley,* 134 U. S. 160; *Kring* v. *Missouri,* 107 U. S. 221.) Chapter 328 of the Laws of 1936 is an *ex post facto* statute because, under the guise of change of procedure in criminal trials, it deprives a defendant of substantial rights and alters the situation to his disadvantage. (*Kring* v. *Missouri,* 107 U. S. 221; *Matter of Medley,* 134 U. S. 160; *Thompson* v. *Utah,* 170 U. S. 343; *Beazell* v. *Ohio,* 269 U. S. 167; *Lindsey* v. *State of Washington,* 301 U. S. 397; *People* v. *Grutz,* 212 N. Y. 72; *People* v. *Duffy,* 212 N. Y. 57; *People* v. *Harvey,* 235 N. Y. 282.)

*William Copeland Dodge, District Attorney* (*Thomas E. Dewey* and *Stanley H. Fuld* of counsel), for respondent. Section 279 of the Code of Criminal Procedure is valid and constitutional. (*Williams* v. *United States,* 168 U. S. 382; *Pointer* v. *United States,* 151 U. S. 396; *Cravens* v.

*United States*, 62 Fed. Rep. [2d] 261; *People* v. *Northcott*, 209 Cal. 639; *State* v. *Fox*, 56 S. Dak. 294; *State* v. *Brunn*, 145 Wash. 435; *Webb* v. *State*, 177 Ga. 414; *Comm.* v. *Slavski*, 245 Mass. 405; *Sheppard* v. *State*, 104 Neb. 709; *State* v. *Semeraro*, 131 Atl. Rep. 798; *Gutenkunst* v. *Wisconsin*, 218 Wis. 96; 296 U. S. 608; *People* v. *Gates*, 13 Wend. 311; *People* v. *Rynders*, 12 Wend. 425; *Kane* v. *People*, 8 Wend. 203; *People* v. *Kelly*, 203 Cal. 128; *Queen* v. *Castro*, 5 Q. B. D. 490; 50 L. J. Rep. [H. L.] 497; *Ashe* v. *Valotta*, 270 U. S. 424.) Section 279 of the Code of Criminal Procedure is not *ex post facto* when applied to offenses committed prior to its enactment. (*Calder* v. *Bull*, 3 Dall. 386; *Hopt* v. *Utah*, 110 U. S. 574; *Gibson* v. *Mississippi*, 162 U. S. 565; *Thompson* v. *Missouri*, 171 U. S. 380; *Mallett* v. *North Carolina*, 181 U. S. 589; *Beazell* v. *Ohio*, 269 U. S. 167; *Hallock* v. *United States*, 185 Fed. Rep. 417; *People* v. *Qualey*, 210 N. Y. 202; *People ex rel. Taylor* v. *Jennings*, 134 Misc. Rep. 586; *Beckman* v. *State*, 122 Ohio St. 443; *State* v. *Arlin*, 39 N. H. 179.) The fact that there would have been more challenges if there had been separate trials does not render the legislation *ex post facto*. (*Ashe* v. *Valotta*, 270 U. S. 424; *Beckett* v. *United States*, 84 Fed. Rep. [2d] 731; *Kettenbach* v. *United States*, 202 Fed. Rep. 377; *People* v. *Kelly*, 203 Cal. 128; *People* v. *Menne*, 4 Cal. App. [2d] 91; *Miller* v. *United States*, 38 App. D. C. 361; *Vismore* v. *State*, 41 Ga. App. 544; *State* v. *Aldridge*, 206 N. C. 850; *United States* v. *Groesbeck*, 4 Utah, 487.) The joinder of separate offenses was not prejudicial. (*People* v. *Duffy*, 212 N. Y. 57; *People* v. *Warder*, 231 App. Div. 215.) Charging forty-nine crimes, connected together and part of a common scheme is a reasonable application of the joinder statute. (*Cravens* v. *United States*, 62 Fed. Rep. [2d] 261; *Morse* v. *United States*, 174 Fed. Rep. 539; *Harris* v. *United States*, 8 Fed. Rep. [2d] 841; *State* v. *Brunn*, 145 Wash. 435; *Roselle* v. *Breshears*, 35 Fed. Rep. [2d] 934; *Chapman* v. *United*

*States*, 10 Fed. Rep. [2d] 124; *Meating* v. *State*, 202 Wis. 47.) Subdivision 4 of section 2190 of the Penal Law is not *ex post facto*. (*People* v. *Faden*, 271 N. Y. 435; *People* v. *Ingber*, 248 N. Y. 302; *People* v. *Spellman*, 136 Misc. Rep. 25.)

FINCH, J. The relators and several others were indicted on charges of conspiracy to extort money, extortion and attempted extortion. In all there were forty-nine counts in the indictment, one being for conspiracy, the others for extortion or attempted extortion. Each count set forth a separate and distinct crime, all but three of which, it is alleged, were committed prior to April 9, 1936, the time when the statute, the validity of which we are asked to pass on, was enacted. The defendants were found guilty on all counts submitted to the jury.

Prior to the commencement of the trial a writ of habeas corpus obtained by the relators was dismissed. After the trial had begun another writ of habeas corpus was obtained by the relators and this writ also was dismissed. From the dismissal of these writs the relators appeal directly to this court on the ground that the joinder of the various counts in the indictment was improper, the statute authorizing such joinder being unconstitutional.

Prior to 1936 an indictment in this State could charge only one crime except that section 279 of the Code of Criminal Procedure provided that " The crime may be charged in separate counts to have been committed in a different manner, or by different means; and where the acts complained of may constitute different crimes, such crimes may be charged in separate counts," but an amendment to that section which took effect on April 9, 1936, provided that the State may consolidate into one indictment crimes of a similar nature or crimes not of a similar nature which are " connected together or constituting parts of a common scheme or plan."

It is " provided, however, that where the charges involve two or more acts or transactions constituting crimes of the same or a similar character which are neither connected together nor parts of a common scheme or plan, the court, in the interest of justice and for good cause shown, may, in its discretion, order that the different charges set forth in the indictment or information or indictments or informations, be tried separately." The fact that different penalties may be imposed for conviction upon the several crimes charged is not to prevent the joinder or consolidation of the indictments.

At the same time section 2190 of the Penal Law was amended. To the requirement that where a person is convicted of two or more offenses before sentence is pronounced upon him for either offense the court is obligated to impose cumulative and successive sentences, was added a new subdivision which provided that where conviction for two or more offenses constituting different crimes is had on separate counts of one indictment (the situation resulting from the application of section 279 of the Code, as amended) the court is not required to impose successive sentences but may order such sentence or any one of them to be served concurrently. The relators contend that these statutes as amended are unconstitutional or at least they are unconstitutional in so far as they are made to apply retroactively.

There is nothing unique about a statute which provides that a person may be tried in a single trial for a number of crimes of a similar nature or connected together as part of a common plan. Laws substantially the same as those involved herein have been for many years a part of the Federal statutes and are to be found on the statute books of many of the States. Such procedure was not unknown to the common law. (*People* v. *Gates,* 13 Wend. 311, 322; *Queen* v. *Castro,* [1880] 5 Q. B. D. 490; affd., 50 L. J. Rep. [H. L.] 497.) The constitutionality of these statutes and the validity of convictions obtained under them have

been challenged on a number of occasions but uniformly they have been upheld. In *Pointer* v. *United States* (151 U. S. 396) it was held that an indictment charging the defendant with two independent murders was a proper joinder under the Federal statute. " The accused having been charged with different acts or transactions ' of the same class of crimes or offences,' it is scarcely necessary to say that the transactions referred to in the indictments being of the same class of crimes, could properly, that is, consistently with the essential principles of criminal law, be joined in one indictment against a single defendant without embarrassing him or counfounding him in his defense." (*Williams* v. *United States*, 168 U. S. 382, 390.) In the State courts such statutes have been sustained in *People* v. *Kelly* (203 Cal. 128); *State* v. *Fox* (56 S. D. 294); *State* v. *Brunn* (145 Wash. 435). (Cf. *Webb* v. *State*, 177 Ga. 414; *Commonwealth* v. *Slavski*, 245 Mass. 404; *Sheppard* v. *State*, 104 Neb. 709; *State* v. *Semeraro*, 99 Vt. 275; *Gutenkunst* v. *State*, 218 Wis. 96; certiorati denied, 296 U. S. 608.)

Resort is had to article I, section 10, of the United States Constitution and it is asserted that the application of the statute to offenses committed prior to its enactment renders it *ex post facto*. To test this contention we turn to the well-known case of *Calder* v. *Bull* (3 U. S. [Dall.] 386) for a definition of *ex post facto* laws. " I will state what laws I consider *ex post facto* laws within the words and the intent of the prohibition. 1. Every law that makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action. 2. Every law that aggravates a crime, or makes it greater than it was when committed. 3. Every law that changes the punishment, and inflicts a greater punishment than the law annexed to the crime when committed. 4. Every law that alters the legal rules of evidence and receives less or different testimony than the law required at the time

of the commission of the offense, in order to convict the offender." Trial procedure may be changed by the Legislature and the new procedure may be made applicable to offenses previously committed without violation of the Constitution so long as the changes effected do not come within any of the four classes outlined above. (*Beazell* v. *Ohio*, 269 U. S. 167, 170; *People* v. *Qualey*, 210 N. Y. 202, 208.) The changes involved in the case at bar were merely procedural. They do not make criminal any acts which previously were innocent; nor do they aggravate a crime and make it greater than it was when committed. Nor do they inflict a greater punishment; nor do they provide for conviction on less or different testimony or create presumptions against the defendant. The relators contend that a law is *ex post facto* if it makes or may make changes which are to the substantial disadvantage of the accused. Perhaps a statute by reason of working a substantial detriment to the accused may be deemed *ex post facto* although it does not come within the classification outlined in *Calder* v. *Bull*, but that the statutes involved herein are not of such a nature cannot be doubted. That very question was passed upon in *Beazell* v. *Ohio* (269 U. S. 167) and *Beckman* v. *State* (122 Ohio St. 443) and the validity of the statutes was sustained.

Changes of an even more substantial nature than a provision for a joinder of like offenses or crimes connected by a common scheme or plan have been held not to render laws *ex post facto*. Thus a statute may render competent as witnesses persons who previously were incompetent (*Hopt* v. *Utah*, 110 U. S. 574); may make admissible evidence which previously was inadmissible (*Thompson* v. *Missouri*, 171 U. S. 380); may prescribe additional qualifications for jurors (*Gibson* v. *Mississippi*, 162 U. S. 565), and may extend the Statute of Limitations (*Falter* v. *United States*, 23 Fed. Rep. [2d] 420; certiorari denied, 277 U. S. 590).

Nor is the statute rendered *ex post facto* because there would have been more peremptory challenges available to the relators if they had been tried separately for each offense. (*Ashe* v. *United States ex rel. Vollata*, 270 U. S. 424. Cf. *People* v. *Doran*, 246 N. Y. 409; *People* v. *Connolly*, 253 N. Y. 330.)

The cases which do speak of statutes as unconstitutional because the change brought about is " to the disadvantage of the prisoner " all involved statutes which were invalid under the test laid down in *Calder* v. *Bull*. In *Kring* v. *Missouri* (107 U. S. 221) the law in effect at the time the crime was committed provided that a prior acquittal could be pleaded as a defense to a charge of murder. The amendment eliminated this defense. Obviously the elimination of this defense, although not exactly a change that permitted a conviction on " less or different testimony " had a substantially similar effect and came within the spirit of that requirement. Similarly in *Lindsey* v. *State of Washington*, 301 U. S. 397 (decided May 17, 1937), the net effect of the change was to increase the punishment which might be imposed on the prisoner.

Many of the cases relied on by the appellants involved no question of constitutionality. In some of these cases, the courts decided only that under the existing statutes the joinder of several offenses was not permissible. *People ex rel. Tweed* v. *Liscomb* (60 N. Y. 559), so much relied upon by the appellants, is such a case. Some of the dicta in that case does criticize the joinder of many offenses in a single trial, but what the judges who wrote the opinions in that case seemed to fear most was the introduction of evidence of unrelated crimes, which ordinarily would not be admissible. The statute under consideration herein provides for indictments only of crimes of similar nature or crimes connected together and forming part of a common scheme or plan.

*People* v. *Wilson* (151 N. Y. 403), *People* v. *Adler* (140 N. Y. 331), and like cases furnish no assistance to the relators. The criticism contained in those cases was of

a joint trial of " two or more crimes of an utterly different nature." The language in the recent case of *People* v. *Faden* (271 N. Y. 435) had reference merely to the limited jurisdiction and limited amount of punishment that may be imposed by the Court of Special Sessions.

We conclude, therefore, that there is nothing unconstitutional or *ex post facto* about these laws.

We reach a like conclusion concerning the change in section 2190 of the Penal Law which added to the provision that separate and cumulative sentences must be imposed for separate offenses, a provision that where the defendant is convicted of a number of crimes on one indictment the court may provide that the sentences shall run concurrently. Such a change can in no way be detrimental to the relators or any other defendant. It enables the court to impose a lesser sentence than was permissible under the law prior to its amendment. It does not permit the imposition of a greater sentence for any crime. A statute which changes the punishment which may be imposed for a crime theretofore committed is *ex post facto* only if it prescribes or permits the imposition of a greater sentence.

The contention that the joinder statute violates article I, section 6, of the New York Constitution is equally without merit. The constitutional provision prohibits the trial of any one charged with the commission of an infamous crime except on presentment and indictment by a grand jury. The relators have been indicted by a grand jury under a statute which does not attempt to deprive them of that right. The statute which does not eliminate the use of presentment or indictment by a grand jury may provide for a change in the form of indictment, as witness the adoption of the short form of indictment. (*People* v. *Bogandoff*, 254 N. Y. 16.)

In each proceeding the order should be affirmed.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and RIPPEY, JJ., concur.

Orders affirmed.