THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* WILLIAM L. LAMAN, Defendant.

County Court, Broome County, May 26, 1947.

*Kramer, Night & Wales* for defendant.

*Robert O. Brink, District Attorney* (*Samuel W. Bernstein* of counsel), for plaintiff.

McAvoy, J. This is a motion for a severance and a separate trial of counts 1, 6, 7, 8, 9, 10 and 11 of the indictment pending against the defendant. The indictment contains eleven counts, each of which charges the crime of abortion or attempted abortion.

The defendant argues that inasmuch as these counts charge the commission of the alleged crimes at different times, each is a separate transaction and it would be therefore prejudicial to the defendant if he were compelled to go to trial on all counts charged. The defendant further argues for a severance upon the ground that the alleged offenses are not part of a common scheme or plan.

Under the amendment of 1936 (L. 1936, ch. 328) to section 279 of the Code of Criminal Procedure it is not necessary that such crimes be part of a common scheme or plan before they can be joined in separate counts of one indictment. Where the crimes are of a similar nature the amendment permits such joinder to avoid a multiplicity of prosecutions. The statute gives the trial court the discretionary power to direct a separate trial under such indictment where for " good cause shown " it may appear that it would not be in the interest of justice to compel the defendant to stand trial on all counts.

Where, as here, the alleged crimes were all committed within a period of one year and in an office where the defendant practiced as a chiropractor, it would not be unreasonable to assume that the defendant's alleged acts were part of a common scheme or plan. However, since the amendment of 1936 it is not necessary that this be so.

In *People* v. *Luciano* (277 N. Y. 348) a great number of similar crimes were charged against the defendant and the indictment contained no allegation that they were committed pursuant to a common scheme or plan or a conspiracy. In the *Luciano* case (*supra*) Chief Judge Crane at page 362 had the following to say on this subject: " Here the crimes charged against all of the appellants were beyond all doubt parts of a common scheme or plan. *In addition, however, they were all crimes of a similar character,* and the substantial similarity was apparent upon a mere reading of the indictment. *The similarity between the crimes was so striking that the inference that they were connected together or parts of a common scheme is well nigh inescapable.*" (Italics mine.)

Chief Judge Crane held, however, that it was not necessary to allege that the crimes were committed pursuant to a conspiracy or a common scheme or plan for the reason that the

crimes were properly joined together because of their similarity.

In *People ex rel. Pincus* v. *Adams* (274 N. Y. 447, 453), the court stated: " There is nothing unique about a statute which provides that a person may be tried in a single trial for a number of crimes of a similar nature   *   *   *. Laws substantially the same as those involved herein have been for many years a part of the Federal statutes and are to be found on the statute books of many of the States. Such procedure was not unknown to the common law." The court at page 454 quoting from *Pointer* v. *United States* (151 U. S. 396) went on to say: " *   *   * it was held that an indictment charging the defendant with two independent murders was a proper joinder under the ·Federal statute. ' The accused having been charged with different acts or transactions " of the same class of crimes or offenses," it is scarcely necessary to say that the transactions referred to in the indictments being of the same class of crimes, could properly, that is, consistently with the essential principles of criminal law, be joined in one indictment against a single defendant without embarrassing him or confounding him in' his defense.' "

Since the amendment of 1936 to section 279 of the Code of Criminal Procedure it has been common practice to join separate crimes of similar nature in several counts of one indictment. (See *People* v. *Mullens,* 292 N. Y. 408; *People* v. *Collins,* 265 App. Div. 927, where the indictment contained six substantive counts, covering the period from June 3 to July 16, 1941, and *People* v. *Apfel,* 269 App. Div. 830, where the indictment contained ten counts covering the period from January 13 to February 2, 1944.)

The case of *People* v. *King* (53 N. Y. S. 2d 894) cited in the defendant's brief is apparently not in accord with the common practice followed since 1936.

The amendment of 1936 would be meaningless, if the defendant's objection that such a joinder was improper because it allowed proof of other crimes, were to prevail. There might conceivably be situations where a lapse of time between crimes was of such length as to render their joinder unfair and unreasonable. In the case at bar the offenses were all of a similar·nature and were all committed at the same locality within a period of one year.

This court is therefore of the opinion for the reasons aforementioned that defendant's motion for a severance should be denied.

An order may be entered accordingly.