Benjamin Gassman, P. J.
The defendants move for an order severing counts 1 to 69 inclusive, from the remaining counts; counts 70 to 142 inclusive, from the rest of the counts; counts 143 to 170 inclusive, from the remaining counts; counts 171 to 226 inclusive, from the remaining counts, and counts 227 to 251 inclusive, from the others. They claim that unless such severance is ordered, they will be deprived of a fair and impartial determination of their guilt or innocence of each crime charged.
Each of the 251 counts in the information contains substantially the same language. Each count alleges that the defend *718 ants, on the dates set forth in each count and at various times prior thereto, being directly or indirectly in control of and having the management of and being in charge of the multiple dwelling described in each count, did permit to exist in and about the said premises, certain violations of the Multiple Dwelling Law, specifically described in each count.
There are five buildings involved in the information. Counts 1 to 69 inclusive, charge violations in premises 410 West 53rd Street; counts 70 to 142 inclusive, charge violations in premises 412 West 53rd Street; counts 143 to 170 inclusive, charge violations in premises 422 West 53rd Street; counts 171 to 226 inclusive, charge violations in premises 431 West 54th Street, and counts 227 to 251 inclusive, charge violations in premises 433 West 54th Street, all in New York County.
The defendants seek to sever the counts which refer to each of the above five buildings from the others, the result of which would be that they would face five separate trials instead of one. The People oppose the motion, pointing out that the crimes charged in the information, although affecting five different buildings, are of the same or similar character.
“Under the present section 279 (of the Code of Criminal Procedure) different crimes committed at different times and at different places may be consolidated in one indictment, but in separate counts thereof, provided such crimes are ‘ connected together ’ or ‘ constitute parts of a common scheme or plan ’ or if the acts constituting the crime are 1 of the same or similar character (People v. Vario, 165 Misc. 842, 849.) (Emphasis
supplied.)
In sustaining the constitutionality of section 279 of the code, the Court of Appeals in People ex rel. Pincus v. Adams (274 N. Y. 447, 453) said: “ There is nothing unique about a statute which provides that a person may be tried in a single trial for a number of crimes of a similar nature or connected together as a part of a common plan ”.
In the moving affidavit, defendants state that ‘ ‘ the jumble of dates and charges and buildings is so varied that an enumeration would require as much pages as the 251 counts and it is therefore suggested that with time, the Court could compare the charges, the dates, the specific alleged factual situation and the building to see that the joinder is so much mumbo jumbo ”. This statement is not borne out by the facts. As already pointed out, each of the five buildings is covered by consecutively numbered counts which are segregated as to each building. The violations are alleged to have occurred within a period of five months and the information sets forth the dates on which the *719 respective violations are claimed to have been in existence as against each building. Thus, the information sets forth that with respect to 410 West 53rd Street, the violations existed between November 18, 1958 and February 9, 1959; with respect to 412 West 53rd Street, the violations existed between October 7, 1958 and January 29, 1959; with respect to 422 West 53rd Street, the violations existed between September 9, 1958 and December 1, 1958; with respect to 431 West 54th Street, the violations existed between October 7,1958 and January 29, 1.959, and with respect to 433 West 54th Street, the violations existed between November 6, 1958 and January 29, 1959.
The three Justices of this court who will try this case will have no difficulty in following the evidence applicable to each of the said five buildings within the dates in question. Three of the five buildings involved adjoin each other on West 53rd Street and the remaining two are on West 54th Street, apparently in the rear of those three. The limited number of buildings and the limitation of the dates when each building was inspected will present no difficulty to the Trial Bench in ascertaining the facts and arriving at a decision.
It is no longer necessary, under section 279 of the Code of Criminal Procedure that the crimes charged be a part of a common plan or scheme before they can be joined in one information. Where the crimes charged are similar in character, they may be joined in separate counts in one information, in order to avoid a multiplicity of suits. The court, it is true, has the discretionary power to order a separate trial on each crime ‘1 for good cause shown ’ ’ and where it is “ in the interests of justice ’ ’. However, the defendants here have not presented any persuasive reason for a severance. It cannot be assumed that the three Justices of this court who will try this case will be influenced by the fact that the information contains 251 counts. The Trial Bench will be sufficiently objective in evaluating the evidence covering each of the five buildings involved. To order a severance, would be to compel five trials which entail substantially the same issues and may involve the same witnesses. It is not in the interests of justice to order a severance. (People v. Laman, 189 Misc. 664; People v. Luciano, 277 N. Y. 348, 362.)
The motion should be in all respects denied.
Dunaif and Comerford, JJ., concur.
Motion denied, etc.