■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. LOUIS FRINGO, Respondent.— Appeal from an order of a Trial Term, County Court, Schoharie County. The joinder in the same indictment of the two entirely unrelated crimes of possessing and selling lewd and indecent motion pictures and cartoon booklets; and also of the sale and distribution of fireworks, not pleaded to have been part of a common scheme or plan (*People ex rel. Pincus* v. *Adams,* 274 N. Y. 447) is improper and in violation of section 279 of the Code of Criminal Procedure. (*People* v. *Namolik,* 8 A D 2d 685 [4th Dept., 1959].) The order sustaining the defendant's demurrer accordingly should be affirmed. We do not reach the defendant's cross appeal from that part of the order which recites that "the facts stated constitute a crime" for two reasons: (a) the record on defendant's cross appeal is incomplete, the only paper presented is a notice of appeal which defendant, as respondent in this court, attaches to the end of his brief; and (b) in view of the fact defendant's demurrer has been sustained, it may be doubted if he is aggrieved by the recital in the order. This, of course, is without prejudice to a motion addressed by defendant to the sufficiency of any further indictment which may be returned. Order affirmed. Bergan, P. J., Gibson and Taylor, JJ., concur; Herlihy, J., dissents: The indictment charged that the defendant on the 4th day of October, 1960, violated section 1141 of the Penal Law — possession of obscene prints — and in a second count that on the same date violated section 1894-a — possession of fireworks for sale. While the indictment does not allege that possession by the defendant was in the same establishment, it is fair to assume such was the fact and under the form of indictment can be clarified by a bill of particulars. These alleged crimes are not so dissimilar as to defeat the indictment and, in my opinion, the lower court recognized such fact. The reason given for sustaining the demurrer was that the District Attorney would not consent "to proceed under one or the other count of the indictment" but such election was not controlled by the District Attorney. If the demurrer had been denied and the attorney for the defendant had moved for a severance "the court, in the interest of justice and for good cause shown, may *in its discretion,* order that the different charges * * * be tried separately". (Emphasis supplied.) The purpose of section 279 of the Code of Criminal Procedure is to consolidate in one indictment all charges against a defendant, when possible. It seems to me that the indictment comes within the wording of the section which refers to "two or more acts or transactions connected together" or "for two or more acts or transactions constituting crimes of the same or a similar character". Both misdemeanor charges in this indictment were directed against the same person, happening at the same time — presumably the same place — and charged possession of separate types of contraband. Such facts on their face do not imply the necessity for separate trials but we cannot decide that issue on this record. The cases cited by the majority are not controlling. In my opinion the demurrer should have been dismissed. As to the claim that the indictment does not set forth facts sufficient to constitute a crime, the form thereof meets the requirements of section 295-d — simplified indictment — and the mandate of sections 284 and 285 of the Code of Criminal Procedure and in that respect the order of the lower court should be affirmed.

The order should be modified by striking that part which sustained the demurrer and otherwise affirmed.