Domenick L. Gabrielli, J.
Pursuant to an order made on March 6, 1964, this matter came on for a hearing on May 6, 1964 at which time testimony was taken.
The petitioner was sentenced on April 22, 1954 to a term of from 2% to 5 years upon a conviction of burglary, third degree. He was committed to Elmira Eeception Center credited with 85 days’ jail time served. Thereafter on October 25, 1955, he was paroled and subsequently, because of the commission of a crime, he was declared delinquent on April 5, 1957. On July 9, 1957 he was convicted of grand larceny, second degree, sentenced to a term of from 4 to 8 years, and returned to prison.
Because of these facts, the petitioner forfeited the 17 months and 11 days while on parole and was, therefore, required to serve the 3 years, 3 months and 2 days on his first sentence before commencing his new term.
The petitioner seeks an order pursuant to the provisions of sections 218 and 219 of the Correction Law which would give him credit for and the benefit of the time he was out on parole. The petitioner contends that the amendments to these sections provide for the formula he espouses.
The serious question involved here is whether section 219 of the Correction Law, effective July 1, 1960, applies to the benefit of the petitioner. This section is intended to mitigate the treatment of parolees who are convicted of felonies committed while on parole. If petitioner is correct in his contention, he will receive the benefit of having the computation of his delinquent time commence as of the date of delinquency rather than the date of parole. In other words he would receive credit for his parole time up to delinquency.
Chapter 473 of the Laws of 1960 repealed section 219 of the Correction Law, and adopted a new section 219. It also amended section 218 of the Correction Law.
Insofar as it is applicable to the instant proceeding, the new section 219 (eff. July 1, 1960) provides as follows: “If any person be convicted in this state of a crime or offense committed while on parole from an institution under the jurisdiction of the commissioner of correction and if he be sentenced *1076 therefor to such an institution he may, in addition to the sentence which may be imposed for such crime or offense, and before beginning to serve such sentence, be compelled to serve in such an institution, the portion remaining of the maximum term of the sentence on which he was released on parole calculated as provided in section two hundred eighteen of this article. ’ ’
It is the petitioner’s claim that the foregoing, together with the amendment to section 218 of the Correction Law, substantiates his position.
Section 218 was amended to provide that the delinquent time remaining to be served by a parole violator is to be computed from the date of declaration of delinquency by the Parole Board and not from the date of his release on parole. The petitioner claims he is within the scope of the beneficial provisions of section 5 of chapter 473 of the Laws of 1960 which provides: 1 ‘ The amendments made by this act shall apply to all prisoners serving delinquent time on the effective date of this act for a felony committed in this state or for a crime committed under the laws of another state, government or country which if committed in this state would be a felony. Such amendments shall not apply to prisoners who upon the effective date of this act have completed service of such delinquent time, nor to prisoners who upon the effective date of this act are serving delinquent time concurrently with a term imposed for a felony committed on parole. ’ ’
If the petitioner is correct, it would cast upon the 1960 enactment a retroactive effect that was neither contemplated nor authorized by the amendments.
The net effect of chapter 473 of the Laws of 1960 as it replaced section 219 and amended section 218 of the Correction Law, is to declare that delinquent time remaining to be served by a parole violator is to be computed from the date of the declaration of delinquency by the Board of Parole and not the date of release on parole.
There is neither authority nor foundation for the contention that these enactments had any retroactive effect. (See Matter of Mulligan v. Murphy, 14 N Y 2d 223). Under these sections, as amended, they were not retroactive so that a violator’s new sentence could commence prior to July 1, 1960. This is the earliest date a new sentence could start. The petition is dismissed.