Sydney F. Foster, J.
This is a proceeding, pursuant to article 78 of the CPLR, to review the computation of the expiration date of the maximum sentence which petitioner is now serving under the jurisdiction of the Department of Correction. The respondents allege as an affirmative defense that an order entered on April 7, 1966, in a similar application brought by petitioner, must be deemed res judicata as to the issues presented in this proceeding; but since that order merely denied petitioner’s application for an order to show cause and the issues therein were not therefore squarely presented, and since the order to show cause instituting the present proceeding was signed on March 2, 1966, prior to the afore-mentioned denial, the petition herein will be considered to be properly before the court.
There is no dispute as to any factual issues. Petitioner was convicted of robbery in the first degree and sentenced on May 12, 1938, to a term of from 10 to 30 years. He was paroled on November 16, 1944. On June 8, 1948, he was convicted of robbery in the first degree, grand larceny in the first degree and assault in the second degree, and sentenced as a second felony offender to a term of from 15 to 30 years. Under the provisions of section 219 of the Correction Law, as it then read, however, petitioner could not begin serving this second sentence until he served “ the portion remaining of the maximum term of the sentence on which he was released on parole from the time of such release on parole until the expiration of such maximum ”. The maximum term of the first sentence was thereby computed *187 to expire on September 12, 1971. According to the papers submitted herein, however, the Parole Board in 1957, acting under an amendment to section 219 (L. 1954, ch. 518, § 1), authorized the commencemnt of a concurrent running of petitioner’s second sentence with the remaining delinquent time on the first sentence.
The latter fact is important in view of the position taken by the respondents regarding the computation of petitioner’s maximum sentence and the force and effect of chapter 473 of the Laws of 1960 (eff. July 1, 1960) which generally amended those provisions relating to the computation of a parole violator’s delinquent time. These amendments provide, in part, that such delinquent time is still to be computed by the portion remaining of the maximum term of the sentence on which a felon was released on parole, but such term is now to be calculated from the date of declaration of delinquency as determined by the Board of Parole, and not from the time of release on parole (Correction Law, §§ 219, 218). Section 5 of chapter 473 of the Laws of 1960 further provides: ‘ The amendments made by this act shall apply to all prisoners serving delinquent time on the effective date of this act for a felony committed in this state or for a crime committed under the laws of another state, government, or country which if committed in this state would be a felony. Such amendments shall not apply to prisoners who upon the effective date of this act have completed service of such delinquent time, nor to prisoners who upon the effective date of this act are serving delinquent time concurrently with a term imposed for a felony committed on parole.” It is respondents’ position that petitioner’s delinquent time must still expire on September 12,1971, it being argued that petitioner is specifically excluded from the benefits of the amended statute.
Although it must be conceded that petitioner was in fact, prospectively, “ serving delinquent time concurrently with a term imposed for a felony committed on parole ” upon the effective date of chapter 473 of the Laws of 1960, since the Parole Board had directed such a procedure, the respondents fail to consider the proper effect of petitioner’s successful prosecution, on April 2, 1965, of a writ of error coram nobis directed to his second or 1948 conviction. Not only do the exhibits submitted by the respondents show that the judgment of conviction was vacated and set aside, but petitioner was permitted to plead guilty to robbery in the second degree — unarmed, and was ultimately sentenced on February 1, 1966 to a term of from seven and one-half to eight years, mine pro tunc, as of June 8, 1948, with execution of said sentence suspended.
*188 By vacating the second judgment of conviction, that court declared that all proceedings relating thereto were a nullity (see, e.g., People v. Farina, 2 N Y 2d 454; Paperno & Goldstein, Criminal Procedure in New York, § 441); and by suspending the sentence imposed on petitioner upon conviction following a new trial, that court completely erased the effect of any ‘ ‘ concurrent sentence ” which petitioner was serving on the effective date of chapter 473 of the Laws of 1960.
Thus, petitioner was not, in law, serving delinquent time on the effective date of the act concurrently with a term imposed for a felony committed on parole. He still stands convicted of a crime committed while on parole, and was and is serving delinquent time as a parole violator based on his first conviction and sentence of May 12, 1938. He should be entitled, however, to come within the benefits of the statutory amendments, and to have his maximum sentence recomputed by the Parole Board from the date of delinquency as provided in present sections 219 and 218 of the Correction Law. (Cf. Matter of Mulligan v. Murphy, 14 N Y 2d 223, 225.) Petition granted without costs.