Irving Goldman, Acting Justice.
The relator herein seeks his release from Clinton Prison at Dannemora, contending that he has completed his sentence.
He ivas originally sentenced in 1947 for a term of 5 to 10 years upon a conviction of robbery. He began serving his sentence April 3, 1947, and was paroled on August 8, 1951. While on *842 parole he committed other crimes and was declared delinquent effective May 23, 1956. On January 29, 1957, he was convicted and sentenced to a term of 7 years for escape and 10 to 14 years for felonious assault and carrying a dangerous weapon, the sentences to be served consecutively.
He was returned to prison owing 5 years, 6 months and 19 days on the 1947 conviction. This computation was based on the then existing applicable sections of the Correction Law. In 1960, amendments were enacted to the Correction Law (§§ 218, 219) which provided that a delinquent parolee returned to prison for the commission of a felony committed on parole would receive credit on his original sentence for his parole time up to delinquency. Section 5 of chapter 473 of the Laws of 1960 further provided that “ The amendments made by this act shall apply to all prisoners serving delinquent time on the effective date of this act for a felony committed in this state * '* *. Such amendments shall not apply to prisoners who upon the effective date of this act have completed service of such delinquent time, nor to prisoners who upon the effective date of this act arc serving delinquent time concurrently with a term imposed for a felony committed on parole.” (Italics supplied.)
The foregoing enactments have been construed by our courts as having no retroactive application. (People ex rel. Ellis v. New York State Dept, of Correction, 42 Misc 2d 1074.) The policy of the Commissioner of Correction establishing July 1, 1960 (the effective date of the amendment) as the commencement date of sentences received by prisoners while on parole and thereafter serving delinquent time was favorably reviewed by the Court of Appeals in Matter of Mulligan v. Murphy (14 N Y 2d 223).
Although Metz was sentenced for his subsequent crimes in 1957, it is noted that he applied for resentencing on these on March 30, 1964 to the Supreme Court for Queens County. The application pertained to two sentences and the court made reference to each separately. The sentence for escape originally imposed on January 29, 1957, was vacated and a new sentence with a maximum of 7 years and a minimum of 3 years and 6 months imposed. However, the motion to vacate the sentence for carrying a dangerous weapon and ammunition as a felony was denied, and the sentence of from 10 to 14 years was allowed to stand. The prisoner’s motion to permit these sentences to run concurrently rather than consecutively was granted by the resentencing court.
The minutes of the hearing show that the question was directed to the court by prisoner’s counsel whether the new *843 sentence should be mine pro tunc. The court replied in the affirmative stating that ‘ ‘ any time served shall be credited against the concurrent sentences here.”
The question here present is what date shall mark the commencement of the “new” sentence: The Warden has used July 1, 1960, following Matter of Mulligan and Ellis (supra). The prisoner argues that because of the language used by the resentencing court, “the original time of sentence” should control.
When the prisoner’s sentence for the crime committed while on parole was vacated, and he was resentenced, such resentence became a wholly new sentence. In People v. MacKenna (298 N. Y. 494, 498) the court pointed out that “ The initial sentence that was originally here imposed for the substantive crime of assault in the second degree was illegal and for that reason that sentence was necessarily vacated at the defendant’s request. At that juncture, he [the defendant] stood before the court as one whp had, never been sentenced at all for the substantive felony to which he had pleaded guilty ”.
Defendant, in the posture of one receiving new sentence, gains the advantage of any change occurring in the law in the period intervening between sentences. So long as the amending statute provides for a lighter sentence, he may have the advantage of it. Yet, he remains free from the onus of a change for the worse. The latter Avould be ex post facto and unlaAvful. (Hartung v. People, 22 N. Y. 95, 103-107; People ex rel. Pincus v. Adams, 274 N. Y. 447.)
The prisoner’s resentencing in 1964 entitled him to the benefits of the 1960 amendments to sections 218 and 219 of the Correction Law. As a person convicted of a crime Avhile on parole, his delinquent time must be computed from the date of his delinquency rather than from the date of his release on parole.
Precedent for such application of these amendments may be found in Matter of Burrell v. McMann (51 Misc 2d 185). There the prisoner received a sentence of 10 to 30 years for robbery in 1938. He was paroled in 1944, and again convicted of robbery and other felonies in 1948 for which he was sentenced as a second felony offender to a term of from 15 to 30 years. Under section 219 of the Correction LaAv as it existed in 1948, his maximum term on the first sentence Avould not have expired until 1971. The Parole Board in 1957, under a 1954 amendment to section 219 authorized the commencement of a concurrent running of Burrell’s second sentence Avith the remaining delinquent time on the first.
*844 In 1965, Burrell successfully presented a writ of error coram nobis directed to the 1948 conviction. The judgment of conviction was vacated and he was permitted to plead to a lesser offense. A shorter sentence was imposed nunc pro tunc, but its execution was suspended. The court pointed out that by vacating the second conviction, all proceedings relating thereto were a nullity. By suspending the sentence, there was erased the effect of any ‘ ‘ concurrent ’ ’ sentence which might have otherwise deprived the prisoner of the benefit of the 1960 amendments to sections 218 and 219 of the Correction Law.
The court then concluded that the petitioner, on the date of his resentencing, stood as a prisoner convicted of a felony committed on parole; and ‘ ‘ was and is serving delinquent time as a parole violator based on his first conviction and sentence of May 12, 1938. He should be entitled, however, to come within the benefits of the Statutory amendments, and to have his maximum sentence recomputed by the Parole Board from the date of delinquency as provided in present Sections 219 and 218 of the Correction Law.” (Italics supplied.)
It is true that here only one of the two sentences Avas vacated. The longer sentence remained unchanged. But the resentencing court ordered that both sentences run concurrently. The neAV sentence should be governed by the 1960 amendments to sections 218 and 219 of the Correction LaAv. Concurrency Avould compel similar application to the unchanged sentence. Thus both sentences, the new and the unchanged, will begin to run upon completion of the time owed, computed not from date of release on parole but from the date of delinquency.
The prisoner had submitted a petition for a Avrit of habeas corpus on December 12, 1967, claiming that he Avas being held beyond his maximum time. The court in its decision denying the petition stated that there was ‘ ‘ no allegation or proof that the petitioner has in fact been credited Avith sufficient good behavior time credit reducing his maximum term to such an extent that he is now being illegally detained ’ ’.
At the instant hearing of April 3, 1968, the Clerk of Clinton Prison, Francis Ryan, testified that “ good time ” has been earned by the prisoner, had been credited to his sentence, and that the prison’s records so reflect. The question as to the prisoner’s right to receive a reduction of his maximum term raised by the said court’s decision was thereby resolved.
Let the time served by the prisoner be computed in accordance with the foregoing decision and if his term has been completed, his petition is granted, without costs.