Chief Judge Fuld.
Charged in separate counts of one indictment with killing Catherine Herrell and her brother, Richard Fuller, the defendant was convicted of murder in the first degree for Fuller’s homicide and in the second degree for Mrs. Herrell’s. The Appellate Division affirmed the judgment and, since there is no doubt as to the sufficiency of the evidence establishing the defendant’s guilt, we turn immediately to his principal arguments (1) that his confession was involuntary and should not have been admitted into evidence and (2) that he was improperly charged in a single indictment with two separate murders.
Although the defendant urges that the statements he made to the police and the district attorney were ‘'involuntary as a matter of law ’ ’,[1] his plaint actually is, not that it was coerced in fact but, rather, that his right to counsel had been violated when the police continued questioning him after he had informed them that he had an attorney. If, at that time, he was represented by a lawyer or if he had indicated that he desired one, then, of course, the police would not have been privileged to interrogate him in the absence of counsel. (See, e.g., People v. Paulin, 25 N Y 2d 445; People v. Arthur, 22 N Y 2d 325, 329; People v. Vella, 21 N Y 2d 249; People v. Gunner, 15 N Y 2d 226; People v. Donovan, 13 N Y 2d 148; cf. People v. Robles, 27 N Y 2d 155, 158 et seq.)
The record before us, however, definitively establishes not only that the defendant had not retained or contacted any lawyer to represent him but that he actually disclaimed any wish to secure one until the case went to trial. He did, it is true, tell a police officer, in response to a question, that he “had” a *245 lawyer but he made it very clear that that lawyer was simply one who had acted for him “ down South in another case ”, that he did not wish to speak to him and that, if he “needed an attorney ” when he went “ to court ”, he would see about getting one at that time. Quite obviously, the fact that the defendant may have been represented in the past by an attorney in some unrelated case is, for present purposes, beside the point. In light of People v. Arthur (22 N Y 2d 325, 329, supra) — and the other cases cited above — further questioning of an accused in the absence of counsel is proscribed only after the police learn that “ an attorney [has] enter [ed] the proceeding ” in connection with the charges under investigation. (See, also, People v. Delle Rose, 27 N Y 2d 882, also decided today.) It follows, therefore, that, since the defendant did not have an attorney representing him in this case — or desire one — there was no violation of his right to counsel, and his statements were properly received in evidence.
Nor is there any merit to the defendant’s further contention that he was impermissibly charged in one indictment and tried in a single trial for two murders. Section 279 of the Code of Criminal Procedure was amended in 1936 to provide explicitly that a defendant may be indicted for “ two or more acts * * * constituting crimes of the same or a similar character ”.[2] As this court observed in People ex rel. Pincus v. Adams (274 N. Y. 447, 453) in upholding the constitutionality of section 279, “ [t]here is nothing unique about a statute which provides that a person may be tried in a single trial for a number of crimes of a similar nature ”. The legislation was enacted for the very purpose of sanctioning indictment and trial of a defendant for several similar crimes, without regard to their gravity. (See, e.g., People ex rel. Pincus v. Adams, 274 N. Y. 447, 454, supra; People v. Luciano, 277 N. Y. 348, 362 [numerous acts of compulsory prostitution]; People v. Virga, 285 N. Y. 725 [2 kidnappings]; People v. Bussey, 297 N. Y. 627 [2 mur *246 ders]; People v. Jacinto, 289 N. Y. 588 [2 murders]; People v. Jack, 8 N Y 2d 857 [3 briberies]; People v. Colligan, 9 N Y 2d 900 [murder — committed in the course of robbery—and robbery]; see, also, Pointer v. United States, 151 U. S. 396 [2 murders].) Indeed, in the Pincus case (274 N. Y. 447, 454, supra), we took pains to point out that the Supreme Court had, in Pointer v. United States (151 U. S. 396, supra), “ held that an indictment charging the defendant with two independent murders was a proper joinder under the Federal statute ” (U. S. Rev. Stat., § 1024, now Fed. Rules Crim. Pro., rule 8, subd. [a]), upon which, we note, section 279 was patterned. Consequently, no fault may be found with the joinder of the two charges of murder in one indictment and their disposition upon a single trial.
The other points urged upon us by the defendant do not warrant discussion.
The judgment of conviction should be affirmed.
Judges Burke, Scileppi, Bergan, Breitel, Jasen and Gibson concur.
Judgment of conviction affirmed.

. There had been a so-called Huntley hearing at which the court found the confession to be voluntary. That finding is supported by ample evidence and is, of course, binding on us. (See, e.g., People v. Robles, 27 N Y 2d 155, 157; People v. Leonti, 18 N Y 2d 384, 389.)

. Section 279 reads, in somewhat greater detail, as follows:
“ When there are several charges * ® * for two or more acts or transactions connected together or constituting parts of a common scheme or plan, or for two or more acts or transactions constituting crimes of the same or g similar character, instead of having several indictments or informations, the whole may be joined in one indictment or information in separate counts ”. (Emphasis supplied.)