## WINSTON v. THE STATE.

No. 12392. SEPTEMBER 15, 1938.

*Frank A. Bowers* and *James W. Dorsey,* for plaintiff in error.

*M. J. Yeomans,* attorney-general, *John A. Boykin,* solicitor-general, *J. W. LeCraw, E. E. Andrews, E. J. Clower,* and *Duke Davis,* contra.

JENKINS, Justice. The defendant was indicted for the offense of robbery by open force and violence. The indictment charged also that he had been previously convicted and sentenced to the penitentiary for a felony. He filed a demurrer and motion to quash the indictment on the ground that the allegations as to the former conviction were irrelevant and prejudicial; and excepted to the overruling of this pleading. The jury found the defendant "guilty of robbery by force," and the court imposed the death penalty. The defendant excepted to the overruling of his motion for new trial on general and special grounds. During the trial it was stipulated between the attorney for the defendant and the solicitor-

general that "the defendant on trial was the man indicted and convicted" for the previous felony. The defendant excepted to the admission in evidence of the former indictment as irrelevant and prejudicial, and to certain refusals of requests to charge, involving questions as to whether the defendant was amenable to the act approved February 16, 1938, modifying the powers of judge and jury with respect to the imposition of punishment (Ga. L. Ex. Sess. 1937-38, p. 326), or to previous laws, and their application, as fully indicated in this opinion. There was no charge as to the provisions or effect of the second offense statute (Code, § 27-2511), or as to any determination by the jury with reference thereto. The judge did charge as follows: "There is no dispute in this evidence here but that this defendant here is the party who was previously convicted in the indictment set forth there; counsel for the defendant admit the identity of this defendant here on trial, and the evidence of conviction of that offense in this court is conclusively established by the indictment and the verdict and judgment or plea entered by the defendant on that indictment charging him with that previous offense." The jury were instructed to find one or the other of only two verdicts; "We, the jury, find the defendant not guilty," or "We, the jury, find the defendant guilty of robbery by force." Exceptions and facts relating to grounds of constitutional attack on the act approved February 16, 1938, which takes from juries the power of determining punishment, need not be stated, since these are not pertinent to the decision made.

■ "No . . ex post facto law [or] retroactive law . . shall be passed." Constitution, art. 1, sec. 3, par. 2 (Code, § 2-302). "Laws prescribe only for the future; they can not . . usually have a retrospective operation. Laws looking only to the remedy or mode of trial may apply to . . offenses . . committed prior to their passage." Code, § 102-104. Thus, while it is the rule that no one has a vested right in a mere mode of procedure, so that a statute merely regulating procedure, and leaving untouched "all the substantial protections with which existing law surrounds the person accused of crime," is not within the constitutional inhibition against ex post facto laws, yet a statute is void and ineffective as related to previous offenses, if it takes from the accused a substantial right given to him by law in force at the time to which his guilt relates, and such a statute "can not be

sustained simply because, in a general sense, it may be said to regulate procedure." Thompson v. Utah, 170 U. S. 343, 352 (18 Sup. Ct. 620, 42 L. ed. 1061); Hopt v. Utah, 110 U. S. 574, 588 (4 Sup. Ct. 202, 28 L. ed. 262); Thompson v. Missouri, 171 U. S. 380, 388 (18 Sup. Ct. 922, 43 L. ed. 204), and cit. As a general rule, "any law is ex post facto which is enacted after the offense was committed, and which, in relation to it or its consequences, alters the situation of the accused to his disadvantage." Kring v. Missouri, 107 U. S. 221 (4) (2 Sup. Ct. 443, 27 L. ed. 506); 6 R. C. L. 294-299 (§§ 281-275); 12 C. J. 1100, 1103 (§§ 806, 810, 811).

■ Under the law as it existed at the time of the alleged offense here involved, the punishment for "robbery by open force or violence" was death, unless the jury should recommend mercy, in which event the punishment was imprisonment in the penitentiary for life; provided, however, the jury in all cases could recommend that the defendant be imprisoned for not less than four years nor longer than twenty years, in the discretion of the court. Code, § 26-2502; Ga. L. 1937, pp. 490, 491. Furthermore, the jury by their recommendation, when approved by the judge, could provide that such a defendant be punished as for a misdemeanor. § 27-2501.

■ The act approved February 16, 1938 (Ga. L. Ex. Sess. 1937-38, p. 326), takes from the jury the power and duty of passing upon any question except that "of the guilt or innocence of the accused," and vests in the trial judge the power and duty "to fix sentence as provided by law, upon the conviction or plea of guilt of the defendant." Assuming, without deciding, that it was the intent of the legislature to empower the judge in capital cases, under the procedure outlined in the statute, to reduce the death penalty to life imprisonment (see Code, §§ 26-1005, 27-2302; but see act of 1937, p. 490, amending § 26-2502, prescribing punishment for robbery by open force), the new act of 1938, supra, was nevertheless ex post facto and inoperative as to the offense charged against the accused, in that, if enforced, it would operate to withdraw a substantial protection which surrounded him at the time of the commission of the alleged offense, to wit, the right to a recommendation to mercy by the jury as a matter of grace, irrespective of the evidence or record, and irrespective of any proce-

dure outlined in the new statute. See *Bloodworth* v. *State*, 161 *Ga.* 332 (2) (131 S. E. 80); *Barfield* v. *State*, 179 *Ga.* 293, 297 (175 S. E. 582); *Glover* v. *State*, 128 *Ga.* 1, 7 (57 S. E. 101). Under the new statute, a different procedure is outlined, in that under it the judge shall fix sentence "as provided by law," taking into consideration the "case history" of the defendant as determined by his investigation. Accordingly, the defendant was amenable to the law as it existed at the time of the alleged offense, and the provisions of the act approved subsequently thereto, February 16, 1938, could not have application in this case.

■ In view of the ruling last stated, it does not lie within the province of this court to here adjudicate as to the constitutionality of the act of 1938, in response to any of the remaining grounds of attack.

■ The passage of the act approved March 30, 1937 (Ga. L. 1937, pp. 490, 491), prescribing the death penalty for robbery by open force, except where the jury recommends "mercy, in which event punishment shall be imprisonment in the penitentiary for life," and except where the jury recommends imprisonment in the penitentiary for not less than four or longer than twenty years, did not operate to repeal the second-offense statute as embodied in the Code, § 27-2511, providing that "if any person who has been convicted of an offense and sentenced to confinement and labor in the penitentiary shall afterwards commit a crime punishable by confinement and labor in the penitentiary, he shall be sentenced to undergo the longest period of time and labor prescribed for the punishment of the offense of which he stands convicted." See *Tribble* v. *State*, 168 *Ga.* 699 (4) (148 S. E. 593). Accordingly, it was proper for the State to allege in the indictment, as it did, and prove the previous indictment and sentence of the defendant; and the court did not err in overruling the demurrer and motion to quash the indictment on the ground that it contained the alleged prejudicial matter relating to the former offense, or err in admitting evidence thereon. While the jury could have imposed the maximum penalty or recommend mercy without reference to any allegation or proof or any finding as to a former conviction, it is nevertheless true that, when such a former offense and conviction were alleged in the indictment, it was for the jury, and not for the court, to determine the truth of such allegation. There-

fore it was the duty of the court to charge the jury, relatively to the provisions of the second-offense statute, in order that their findings with respect to such former offense and sentence might have been given effect in the punishment imposed, as hereafter dealt with; and this is true notwithstanding the defendant's admission of his identity with the person named in the former indictment and sentence. *Hines* v. *State,* 26 *Ga.* 614, 616; *Tribble* v. *State,* supra; *McWhorter* v. *State,* 118 *Ga.* 55 (44 S. E. 873); *Currie* v. *State,* 159 *Ga.* 775 (126 S. E. 835); *Berry* v. *State,* 51 *Ga. App.* 442, 448 (180 S. E. 635); *Reid* v. *State,* 49 *Ga. App.* 429 (2-6) (176 S. E. 100); notes in 91 A. L. R. 1478; 16 C. J. 562. See also *Perry* v. *State,* 185 *Ga.* 408 (4), 411 (195 S. E. 175).

■ Properly construing in pari materia the statute prescribing the punishment for robbery by open force (Ga. L. 1937 p. 490), with the statute authorizing the reduction of punishment of certain felonies as for misdemeanor (Code, § 27-2501), and with the statute relating to punishment for second offenses (§ 27-2511), the second-offense statute was not repealed by the subsequent statute authorizing punishment as for a misdemeanor. Consequently, where the jury finds against the defendant with regard to the alleged previous conviction, the second-offense statute precludes a recommendation by the jury that he be punished as for a misdemeanor. *Tribble* v. *State,* supra; *Hinkle* v. *State,* 168 *Ga.* 765 (5) (149 S. E. 49). However, the general provisions of the second-offense statute (§ 27-2511), rendering obligatory a sentence of "the longest period of time . . prescribed for the punishment of the offense of which he stands convicted," do not operate to take away from the jury the specific power given by the subsequent robbery statute (Ga. L. 1937, p. 490), "in all cases" to "recommend that the defendant be imprisoned . . for not less than 4 years nor longer than 20 years, in the discretion of the court." See *Towns* v. *State,* 149 *Ga.* 613 (2), 615 (101 S. E. 678). But in such a situation of a second offense, a sentence of the "longest period" of twenty years is required. Nor do the provisions of the second-offense statute (§ 27-2511) operate to take away the right of the jury to recommend mercy, thus necessitating a sentence of life imprisonment, or to impose the death penalty, under the specific provisions of the robbery statute. See *Higgins* v. *Lowry,* 172 *Ga.* 768 (158 S.

■

E. 751). Accordingly, without any determination as to the validity or effect of the act approved February 16, 1938, modifying the powers of judge and jury with respect to the imposition of punishment (Ga. L. Ex. Sess. 1937-38, p. 326), if the jury in this case, under the law as it previously existed, should find a verdict of guilty without a recommendation to mercy, the death sentence would have to be imposed; if they should find a verdict of guilty with a recommendation to mercy, the punishment would be life imprisonment; and if they should find a verdict of guilty with a recommendation that the defendant be punished within the term of years prescribed by the robbery statute, and should also make a specific finding that the defendant had been previously convicted and sentenced as charged, a maximum sentence of twenty years would have to be imposed.

■ Under the preceding rulings, the defendant being amenable to the law as it existed at the time of the alleged offense, while the court did not err in refusing to give the requested charge that it was optional with the jury to recommend that the defendant be punished for a misdemeanor, for the reason that such request was not conditioned upon a finding by the jury against the allegation of former conviction, it was error to refuse to give the requested charge that "if you do find the defendant guilty, and if you do desire, you may recommend mercy, which reduces the punishment prescribed by law from death to life imprisonment." It was also error to refuse to give the requested charge that the jury could recommend that the defendant be punished within the term of years provided by the robbery statute.

*Judgment reversed. All the Justices concur.*