### HURT v. THE STATE.

GRICE, Justice. 1. Reese Hurt having been indicted for the offense of assault with intent to rob, committed on November 20, 1937, and the entire testimony at the trial so fixing the date, it was error to fail to charge the jury that if they found the defendant guilty they should in the verdict prescribe a maximum and minimum term, which shall be within the maximum and minimum term prescribed by law as the punishment therefor, as provided in the Code, § 27-2502. The accused being amenable to the law as it existed at the time of the alleged offense, the provisions of the subsequent act approved February 16, 1938 (Ga. Laws, Ex. Sess. 1937-8, p. 326), taking from the jury the power and duty of passing upon any question except that "of the guilt or innocence of the accused," has in his case no application. Winston v. State, 186 Ga. 573 (198 S. E. 667).

2. The admission of the testimony of the witness Minnis, as set forth in ground 4 of the motion for new trial, was not erroneous. Smith v. State, 47 Ga. App. 797, 803 (171 S. E. 578), and cit.

3. The conviction not depending entirely on circumstantial evidence, it was not error to omit to charge the jury on the law relative to circumstantial evidence.

4. Grounds 5, 6, and 7 raise the question whether or not the defendant's statement, fairly construed, put his character in issue. Since a new trial must be granted for the reason indicated first above, and it being improbable that the question will arise on the next trial, no ruling thereon is required. Judgment reversed. All the Justices concur.

No. 12554. OCTOBER 13, 1938. REHEARING DENIED NOVEMBER 19, 1938.

**76**

*J. Emmett Baird,* for plaintiff in error.
*Roy Leathers, solicitor-general,* contra.