CAMP *v.* THE STATE.

No. 12493. NOVEMBER 17, 1938.

*George G. Finch, James L. Finch,* for plaintiff in error.
*John A. Boykin, solicitor-general, J. W. LeCraw, E. A. Stephens,* and *Quincy O. Arnold,* contra.

JENKINS, Justice. 1. Under the indeterminate-sentence act of August 18, 1919 (Ga. L. 1919, p. 387; Code, § 27-2502), "the jury in their verdict on the trial of all cases of felony not punishable by life imprisonment shall prescribe a minimum and maximum term, which shall be within the minimum and maximum prescribed by law as the punishment for said crime, and the judge in imposing the sentence shall commit said convicted person to the penitentiary in accordance with the verdict of the jury," and under, rules of the prison commission as to the place of service of the sentence after expiration of the minimum time. Such a right to this determination by the jury is a substantial right of the defendant, a failure to charge upon which, even without a request, is reversible error (*Bull* v. *State,* 150 *Ga.* 302 (3), 308, 103 S. E. 466) ; and a failure to return a verdict or impose sen-

tence according to which will render the verdict or judgment illegal, unless a minimum sentence was imposed so as to render the error harmless. See *Oliver* v. *Lowry,* 173 *Ga.* 892, 893 (161 S. E. 828); *Mitchell* v. *State,* 34 *Ga. App.* 505, 506 (130 S. E. 355), and cit. Under the new act of February 16, 1938 (Ga. L., Ex. Sess., 1937-1938, p. 326), "a different procedure is outlined, in that under it the judge shall fix sentence 'as provided by law,' taking into consideration the 'case history' of the defendant as determined by his investigation." *Winston* v. *State,* 186 *Ga.* 573 (198 S. E. 667).

2. The punishment imposed for larceny after trust under the Code, § 26-2806, is imprisonment and labor for not less than two or more than seven years. The indeterminate-sentence act thus gave to the jury the power and duty to impose a maximum and minimum sentence within those limits. See *Oliver* v. *State,* 160 *Ga.* 365 (6) (127 S. E. 732); *Loyd* v. *State,* 150 *Ga.* 803 (105 S. E. 465); *Johnson* v. *State,* 154 *Ga.* 806 (2) (115 S. E. 642); *Johnson* v. *State,* 29 *Ga. App.* 659, 660 (2) (116 S. E. 226); *Powell* v. *State,* 25 *Ga. App.* 329 (5) (103 S. E. 174).

3. Under the rulings in the *Winston* case, supra, and the preceding rulings, where the defendant was convicted of larceny after trust, committed before the act of February 16, 1938, taking from juries the power to fix indeterminate and other sentences, it was ex post facto as to the defendant, in that his trial under the new act deprived him of a substantial pre-existing right, and substituted a new and different procedure for punishment, including the required consideration of the "case history" of the defendant. Accordingly, where the judge failed to charge the jury as to the indeterminate-sentence statute applicable to the case, and the jury returned only a verdict of guilty, and where the judge failed to impose the minimum sentence of merely two years, as permitted by the larceny-after-trust statute and as might have been returned by the jury, and fixed the sentence at not less than two years or more than four years, the defendant is entitled to have such judgment set aside. See *Hurt* v. *State,* 187 *Ga.* 73 (199 S. E. 801). In view of the failure of the judge to properly charge the jury as to the sentence, and the failure of the jury to return a lawful verdict, the error could not be cured merely by direction from this court that the defendant be taken before the judge and the minimum sentence be imposed.

4. Under the rulings here made, as in the *Winston* case, it is unnecessary to adjudicate the particular grounds of constitutional attack, which give to this court jurisdiction of the writ of error. The remaining grounds, relating to matters of alleged verbal inaccuracy in the charge, are not likely to recur in a new trial.

*Judgment reversed. All the Justices concur.*