26905. TODD v. THE STATE.

ARGUED JANUARY 10, 1972—DECIDED MARCH 9, 1972.

*Glenn Zell,* for appellant.

*Lewis R. Slaton, District Attorney, Joel M. Feldman, Carter Goode,* for appellee.

GRICE, Justice. The Court of Appeals has certified to this court for answer the following question: "Are the provisions of the Act of March 27, 1970 (Ga. L. 1970, pp. 949-951; *Code Ann.* § 27-2534) prescribing the procedures for hearing and imposition of sentence where the jury returns a verdict of guilty in a felony case, applicable to a trial commenced on September 14, 1970, on an indictment alleging an offense of burglary on January 29, 1970? . . . Georgia cases involving retroactive application of sentencing procedures under the Act of February 16, 1938 (Ga. L. 1937-38, Ex. Sess., p. 326): *Winston v. State,* 186 Ga. 573 (1) (198 SE 667); *Hurt v. State,* 187 Ga. 73 (199 SE 801); *Camp v. State,* 187 Ga. 76 (200 SE 126). Also, to same

effect, see *Reynolds v. State,* 1 Ga. 222, 228."

Section 1 of the statute involved here (Ga. L. 1970, pp. 949, 950; 1971, p. 902; *Code Ann.* § 27-2534) is in material part as follows: "At the conclusion of all felony cases and after argument of counsel and proper charge from the court, the jury shall retire to consider a verdict of guilty or not guilty without any consideration of punishment. Where the jury returns a verdict of guilty, the court shall resume the trial and conduct a pre-sentence hearing before the jury at which time the only issue shall be the determination of punishment to be imposed. In such hearing, subject to the laws of evidence, the jury shall hear additional evidence in extenuation, mitigation, and aggravation of punishment, including the record of any prior criminal convictions and pleas of guilty or pleas of nolo contendere of the defendant, or the absence of any such prior criminal convictions and pleas: Provided, however, that only such evidence in aggravation as the State had made known to the defendant prior to his trial shall be admissible. The jury shall also hear argument by the defendant or his counsel and the prosecuting attorney, as provided by law, regarding the punishment to be imposed. The prosecuting attorney shall open and the defendant shall conclude the argument to the jury. Upon the conclusion of the evidence and arguments, the judge shall give the jury appropriate instructions and the jury shall retire to determine the punishment to be imposed. The jury shall fix a sentence within the limits prescribed by law. The judge shall impose the sentence fixed by the jury as provided by law. If the jury cannot, within a reasonable time, agree on the punishment, the judge shall impose sentence within the limits of the law; provided, however, that the judge shall in no instance impose the death penalty when the jury cannot agree upon the punishment. If the trial court is reversed on appeal because of error only in the pre-sentence hearing, the new trial which may be ordered shall apply only to the issue of punishment."

While Georgia Laws 1971, p. 902, added a sentence relat-

ing to opening and closing remarks of counsel, such amendment was not mentioned in the question propounded by the Court of Appeals. However, the amendment is of no consequence in consideration of the certified question.

The question, in essence, is whether this statute is applicable to a trial for a crime committed prior to its effective date in view of the constitutional prohibition against ex post facto laws. United States Constitution, Art. I, Sec. IX, Par. III; Art. I, Sec. X, Par. I (*Code* §§ 1-128, 1-134); Georgia Constitution, Art. I, Sec. III, Par. II (*Code Ann.* § 2-302).

In this connection, *Code* § 102-104 provides in essential part that "Laws prescribe only for the future; they can not impair the operation of contracts, nor, usually, have a retrospective operation. Laws looking only to the remedy or mode of trial may apply to . . . offenses . . . committed prior to their passage . . ."

The appellant contends that the new statute deprives him of the substantial right not to have evidence of his participation in other crimes introduced. He relies upon *Winston v. State,* 186 Ga. 573 (198 SE 667, 118 ALR 719).

In the *Winston* case the defendant was tried for robbery by open force and violence. The statute involved was Ga. L. 1937-38, Ex. Sess. p. 376. This court held at pages 574-576 as follows: ". . . [W]hile it is the rule that no one has a vested right in a mere mode of procedure, so that a statute merely regulating procedure, and leaving untouched 'all the substantial protections with which existing law surrounds the person accused of crime,' is not within the constitutional inhibition against ex post facto laws, yet a statute is void and ineffective as related to previous offenses, if it takes from the accused a substantial right given to him by law in force at the time to which his guilt relates, and such a statute 'can not be sustained simply because, in a general sense, it may be said to regulate procedure.' [Cits.] As a general rule, 'any law is ex post facto which is enacted after the offense was committed, and which, in relation to it or its consequences, alters the situation of the accused to his disadvantage.' [Cits.] . . . Assuming, without deciding,

that it was the intent of the legislature to empower the judge in capital cases, under the procedure outlined in the statute, to reduce the death penalty to life imprisonment ... the new act of 1938, supra, was nevertheless ex post facto and inoperative as to the offense charged against the accused, in that, if enforced, it would operate to withdraw a substantial protection which surrounded him at the time of the commission of the alleged offense, to wit, the right to a recommendation of mercy by the jury as a matter of grace [carrying a life sentence only], irrespective of the evidence or record, and irrespective of any procedure outlined in the new statute."

As to the same result in cases holding retroactive application of this 1938 statute invalid, see *Hurt v. State*, 187 Ga. 73 (199 SE 801) and *Camp v. State*, 187 Ga. 76 (200 SE 126), which follow the *Winston* case, supra.

We agree with the holding in the *Winston* case insofar as this court construed the 1938 statute to take away substantial rights.

The 1938 statute took away from a defendant the right to have his sentence determined by the unanimous agreement of twelve jurors and vested this power solely in the trial judge.

Also, in taking away the absolute recommendation of mercy by the jury as a matter of grace, it in effect increased the sentence for robbery by force and violence, irrespective of any other factor.

However, we do not agree that the language on page 576 of the *Winston* opinion, which parenthetically refers to the "different procedure" outlined in the 1938 Act, in any way implies that the holding is based upon the fact that the judge may take into consideration the defendant's "case history" in fixing sentence. Any such interpretation is expressly disapproved and will not be followed.

In our view, the *Winston* case and those following it cannot be held to stand for the premise that introduction into evidence of the defendant's "case history" deprives him of a substantial right.

In the first place, the prohibition against introduction of evidence of an accused's participation in other crimes is not absolute. Not only may such evidence be introduced to show motive, scheme, plan or identity in proving guilt (*Cox v. State,* 165 Ga. 145 (1) (139 SE 861); *Morris v. State,* 177 Ga. 106 (5) (169 SE 495); *Emmett v. State,* 195 Ga. 517, 538 (25 SE2d 9)), it also may be introduced to enhance punishment under at least two other Code sections: *Code Ann.* § 26-1813 (b) (Ga. L. 1968, pp. 1249, 1295; 1969, pp. 857, 861), regarding motor vehicle theft; and *Code Ann.* § 27-2511, in regard to habitual offenders. See *Studdard v. State,* 225 Ga. 410 (1) (169 SE2d 327). See also, *Tribble v. State,* 168 Ga. 699 (2) (148 SE 593); *Coleman v. State,* 215 Ga. 865 (2) (114 SE2d 2).

Secondly, since this is a question of first impression before this court, the judicial construction already placed upon a similar statute of another State in effect at the time of the adoption of the Georgia Act is considered to accompany it and is treated as incorporated therein. *Seaboard A. L. R. Co. v. Fountain,* 173 Ga. 593 (2a) (160 SE 789); *Tamiami Trail Tours, Inc. v. Ga. Pub. Service Comm.,* 213 Ga. 418 (99 SE2d 225).

The Georgia statute is substantially similar to Section 190.1 of the California Penal Code adopted in 1957. West's Ann. Penal Code, § 190.1, p. 729.

That section provides in pertinent part as follows: "The guilt or innocence of every person charged with an offense for which the penalty is in the alternative death or imprisonment for life shall be first determined, without a finding as to penalty. If such person has been found guilty of an offense punishable by life imprisonment or death, and has been found sane on any plea of not guilty by reason of insanity, there shall thereupon be further proceedings on the issue of penalty, and the trier of fact shall fix the penalty. Evidence may be presented at the further proceedings on the issue of penalty, of the circumstances surrounding the crime, of the defendant's background and history, and of any facts in aggravation or mitigation of the penalty . . ."

We therefore deem to be of decisive importance what was said by the unanimous California Supreme Court in People v. Ward, 50 Cal. 2d 702 (328 P2d 777); cert. den. 359 U. S. 945; Federal habeas corpus den. 269 F2d 906. It deserves extensive quotation here.

"In general, 'any law which was passed after the commission of the offense for which the party is being tried is an ex post facto law when it inflicts a greater punishment than the law annexed to the crime at the time it was committed [citations]; or which alters the situation of the accused to his disadvantage . . .' In re Medley, 134 U. S. 160, 171 (10 SC 384, 387, 33 LE 835). Changes which may be designated as procedural do not, as a rule, come within the ex post facto doctrine, but that in itself is not the true test. In Thompson v. State of Utah, 170 U. S. 343, on pages 351 and 352, 18 SC 620, on page 623, 42 LE 1061, the following appears: 'It is sufficient now to say that a statute belongs to that class which by its necessary operation and "in its relation to the offense, or its consequences, alters the situation of the accused to his disadvantage." [Citations.] Of course, a statute is not of that class unless it materially impairs the right of the accused to have the question of his guilt determined according to the law as it was when the offense was committed. And therefore it is well settled that the accused is not entitled of right to be tried in the exact mode, in all respects, that may be prescribed for the trial of criminal cases at the time of the commission of the offense charged against him.'" People v. Ward, supra, pp. 779-780.

The California court also quoted with approval the following language from Thompson v. Missouri, 171 U. S. 380, 387 (18 SC 922, 43 LE 204): " '[W]e cannot perceive any ground upon which to hold a statute to be ex post facto which does nothing more than admit evidence of a particular kind in a criminal case upon an issue of fact which was not admissible under the rules of evidence as enforced by judicial decisions at the time the offense was committed. The Missouri statute, when applied to this case, did not enlarge the punishment to which the accused was liable

when his crime was committed, nor make any act involved in his offense criminal that was not criminal at the time he committed the murder of which he was found guilty. It did not change the quality or degree of his offense. Nor can the new rule be characterized as unreasonable—certainly not so unreasonable as materially to affect the substantial rights of one put on trial for crime. The statute did not require "less proof, in amount or degree," than was required at the time of the commission of the crime charged upon him. It left unimpaired the right of the jury to determine the sufficiency or effect of the evidence declared to be admissible, and did not disturb the fundamental rule that the State, as a condition of its right to take the life of an accused, must overcome the presumption of his innocence, and establish his guilt beyond a reasonable doubt.'" People v. Ward, supra, p. 781.

What was then stated in the California case is applicable here: "From the foregoing it is apparent that the Legislature in enacting [the statute involved] 'did not make that a criminal act which was innocent when done; did not aggravate an offense or change the punishment and make it greater than when it was committed; did not alter the rules of evidence, and require less or different evidence than the law required at the time of the commission of the offense; and did not deprive the accused of any substantial right or immunity possessed by' the defendant at the time of the commission of the offense. Mallett v. State of North Carolina, supra, 181 U. S. 589, 597 (21 SC 730, 733, 45 LE 1015); see also, People v. Adams, 274 N. Y. 447 (9 NE2d 46). *The changes effected by the enactment constituted merely an alteration in the conditions deemed necessary for the orderly and just conduct of criminal trials and did not deprive the defendant of any substantial personal right within the meaning of the constitutional prohibitions of ex post facto laws."* People v. Ward, supra, p. 782. (Emphasis supplied.)

The legislative intent in enacting the Georgia statute involved here is clearly stated in its title, to wit: ". . . so as to provide for sentencing in felony criminal cases; *to revise procedures with respect thereto,* more particularly, to provide

for pre-sentence hearings in which evidence of prior criminal convictions shall be presented to the jury . . ." (Emphasis supplied.)

It is also apparent from the body of the statute itself that one of its objectives is to provide separate procedures for the determination of guilt and punishment, so as not to confuse these issues.

The United States Supreme Court has specifically recognized the right of a State to adopt a procedure which includes the "prevalent modern philosophy of penology that the punishment should fit the offender and not merely the crime." Williams v. New York, 337 U. S. 241 (69 SC 1079, 93 LE 1337), quoted in North Carolina v. Pearce, 395 U. S. 711, 723 (89 SC 2072, 23 LE2d 656).

We therefore hold accordingly that Ga. L. 1970, p. 949; 1971, p. 902 (*Code Ann.* § 27-2534), is applicable to a trial for a crime committed prior to the effective date of the Act.

*Question answered in the affirmative. All the Justices concur.*