## 28314. SHEATS v. THE STATE.

SUBMITTED SEPTEMBER 28, 1973 — DECIDED NOVEMBER 8, 1973.

*Denny C. Galis,* for appellant.

*Harry N. Gordon, District Attorney, Arthur K. Bolton, Attorney General, Courtney Wilder Stanton, David L. G. King, Jr., Assistant Attorneys General,* for appellee.

GRICE, Presiding Justice. Lafayette Sheats, having been denied a new trial following his conviction for attempted armed robbery and murder, appeals to this court. He, Ronnie Sims and Michael T. Arnold were indicted by the Grand Jury of Clarke County and upon separate trial Sheats was found guilty and received sentence of ten years confinement and death by electrocution. Subsequently, the trial court determined that there was no constitutionally valid penalty in this state for the crime of murder when the offense was committed or when he was tried except life imprisonment. Therefore it vacated the sentence of death by electrocution and imposed a sentence of life imprisonment. Furman v. Georgia, 408 U. S. 238 (92 SC 2726, 33 LE2d 346); *Sullivan v. State,* 229 Ga. 731 (194 SE2d 410).

The appellant's amended motion for new trial asserted the

general grounds and three special grounds.

■ The general grounds are clearly without merit since the evidence amply supported the verdict.

The evidence of Sims and Arnold, insofar as necessary to recite here, was as follows: that during the early morning the appellant, Arnold and Sims drove to a motel in the City of Athens; that Sims remained in the automobile; that the appellant and Arnold armed with pistols summoned the night clerk; that after some words with him, they demanded that he turn over to them what money he had; that upon seeing that he had a pistol they began to run; that shooting ensued in which the victim was shot and died shortly thereafter. Subsequently the appellant admitted to Sims that he shot the victim.

The appellant, in a written statement, substantially corroborated the testimony of Sims and Arnold, but denied that he shot him, stating that he fired into the air. Arnold, in his sworn testimony, likewise claimed that he merely fired into the air.

A pistol identified as having been in the appellant's possession in the robbery and a bullet taken from the victim's body were given a ballistics test. A State Crime Lab witness testified that this bullet could have been fired from the pistol.

■ One of the special grounds of the motion for new trial was in substance that the trial court erred in admitting the bullet into evidence, urging that its whereabouts until presented at the trial was not shown.

This ground is likewise not valid.

There was evidence that the pathologist who removed the bullet from the victim's body, marked it, placed it in a white sealed envelope, kept it in his locked desk; and later gave it to two police officers. There was also evidence that one of them placed it in the specific file for this case; that the chief of police delivered it to a Georgia Bureau of Investigation Agent, who turned it over to the State Crime Laboratory. Upon the trial the pathologist identified it by the mark originally made upon it by him, thus completing the chain of custody.

■ Another of the special grounds asserts essentially that the trial court erred in refusing to grant a mistrial because the district attorney in his closing argument to the jury referred to "these defendants"; that they were permitted by the Fifth Amendment to refrain from testifying if they had desired; and that this reference was an improper comment on the appellant's failure to testify.

This contention cannot be sustained.

This reference complained of was to Sims and Arnold, not the appellant. It was made by the district attorney in contrasting the testimony of the defendants Sims and Arnold, who were not on trial, pointing out how their testimony differed.

■ The remaining special ground complains in essence that the court should have charged that it was within the jury's province to decide whether the testimony for the state by the appellant's co-defendants was given while they were mentally competent to make their statements.

However, this ground was not insisted upon in this court and is deemed to have been abandoned. Supreme Court Rule 18 (c) (2).

*Judgment affirmed. All the Justices concur.*