**Jack Donald TODD, Petitioner-Appellant,**

v.

**Leroy STYNCHCOMBE, Sheriff, Fulton County, Ga., Respondent-Appellee.**

No. 73–1693.

United States Court of Appeals,
Fifth Circuit.

Nov. 9, 1973.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

Jack Donald Todd was convicted by a jury in the Fulton Superior Court, Atlanta, Georgia, of the offense of burglary. The conviction was affirmed by the Court of Appeals of Georgia, Todd v. State, 125 Ga.App. 841, 189 S.E.2d 696.

In his federal habeas corpus proceedings Todd contended that he was denied his federally guaranteed constitutional rights by a portion of the charge to the state trial jury which, standing alone, would appear to shift the burden of proof to him instead of allowing it to rest on the State, where it properly belonged. The record reflects, however, that during the course of the charge the trial judge told the jury that the burden was upon the State to prove the defendant guilty as charged beyond a reasonable doubt, that the burden was upon the State to prove every material allegation of the indictment to a moral and reasonable certainty and beyond a reasonable doubt, that the State must prove beyond a reasonable doubt that an offense was committed as alleged and that the defendant committed it, that the defendant was presumed to be innocent unless and until the presumption was overcome by evidence sufficiently strong to satisfy the jury of his guilt as charged to a reasonable and moral certainty and beyond a reasonable doubt.

Moreover, in the context of circumstantial evidence and upon a recitation of the allegations of the indictment, the jury was again informed of the same prerequisites to a verdict of guilty.

We think the purported infirmity was correctly considered in the context *of the total charge,* Williams v. Wainwright, 5 Cir., 1969, 414 F.2d 806; Lloyd v. United States, 5 Cir., 1969, 412 F.2d 1084. Considering the jury instructions as a whole, the Georgia Court

Glenn Zell, Atlanta, Ga. (Court-appointed), for petitioner-appellant.

Lewis R. Slaton, Dist. Atty., Atlanta Judicial Circuit, Carter Goode, Morris H. Rosenberg, Atlanta, Ga., for respondent-appellee.

of Appeals, Todd v. State, *supra,* found no reversible error. We perceive none of any federal constitutional dimension.

We now address a more basic issue.

 The date of the alleged burglary was January 29, 1970. On that date the statutory Georgia trial procedure was that a jury returning a verdict of guilty would also prescribe the sentence. A statute made effective July 1, 1970 changed the previously existing method to one in which the jury will first decide guilt or innocence. If there is a verdict of guilty then the jury fixes the penalty after a separate sentence hearing. Todd was tried after the effective date of the new statute and was given the separate sentence hearing. He says that this was an ex post facto deprivation of his constitutional rights because the new procedure allowed the jury to be informed of his prior convictions of burglary, something that could not have been done at the time he committed the offense of which he had been convicted.

The Georgia Court of Appeals certified the question to the Supreme Court of Georgia. That Court held that the application of the new sentencing procedure to convictions for crimes committed prior to the effective date of the act did not violate the constitutional prohibition against ex post facto laws, Todd v. State, 228 Ga. 746, 187 S.E.2d 831 (1972).

We agree with the reasoning of the Georgia Supreme Court and affirm the Judgment of the United States District Court, denying habeas corpus relief, People v. Ward, 50 Cal.2d 702, 328 P.2d 777, cert. denied 359 U.S. 945, 79 S.Ct. 730, 3 L.Ed.2d 678; Thompson v. Missouri, 171 U.S. 380, 18 S.Ct. 922, 43 L. Ed. 204; Mallett v. North Carolina, 181 U.S. 589, 21 S.Ct. 730, 45 L.Ed. 1015; Williams v. New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337.

Affirmed.