## 28953. EADES v. THE STATE.

JORDAN, Justice.

The appellant was indicted along with three other men for the armed robbery of a grocery store and the murder of the store manager. In a separate trial the appellant was found guilty of both offenses and sentenced to consecutive life terms on each of the charges. From the overruling of his motion for new trial the appellant appeals to this court. *Held:*

1. The appellant enumerates as error the overruling of his motion for a directed verdict, claiming that the bulk of the state's case against him revolved around the testimony of two co-conspirators one of whom had previously entered a plea of guilty to the crime and that the jury did not have the "benefit of any information concerning any promises or offer of reward for their testimony." The appellant further claims that evidence submitted concerning the identification of his fingerprints found inside the vehicle alleged to have been utilized by the four was improperly admitted in that

there was "A broken chain of custody of said fingerprints," and without such evidence there was nothing to corroborate the co-conspirator's testimony. We find neither of these contentions meritorious.

The two co-defendants testified at appellant's trial. Subsequent thereto the murder charges against them were dead-docketed, leaving only the armed robbery charge. Appellant makes the assumption that this disposition came about as a result of a promise in return for their testimony. In Brady v. Maryland, 373 U. S. 83, 87 (83 SC 1194, 10 LE2d 215) (1963), the United States Supreme Court held that "Suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." The appellant claims that he was entitled to any information that relates to any deal made between the co-defendants and the prosecution, and that a suppression of such information would result in a due-process constitutional infirmity.

In this case counsel for appellant questioned one of the co-defendants as to the existence of a promise, and the co-defendant replied that there had been none. Opportunity was afforded the appellant for similar questioning of the other co-defendant on cross examination, but none was made. The record is void of any evidence of a deal. The only evidence refutes it. The rule as stated in Brady, supra, is followed in Georgia (see *Hicks v. State,* 232 Ga. 393 (207 SE2d 30) and *Allen v. State,* 128 Ga. App. 361 (196 SE2d 660)), but there must be evidence that such information existed and was actually withheld.

Appellant's contention that the chain of custody of his fingerprints was broken so ˙as to make them inadmissible requires no comment by this court other than to state that both the police officer that lifted the prints and the officer that identified them as appellant's testified that the prints never left the direct control of the Atlanta Police Department. A similar chain of custody as was established here was found satisfactory in *Sheats v. State,* 231 Ga. 362 (201 SE2d 420).

The evidence amply supports the verdict and the trial court did not err in denying the motion for a directed verdict.

2. Appellant contends that the trial court erred in limiting the cross examination of the state's witness, thus placing an improper limitation upon the defendant's right of cross examination and confrontation in violation of the Constitution of the United States and the State of Georgia. Although, as the appellant states in his brief, it is "better that cross examination should be too free than too restricted," this right to a thorough and sifting cross examination must be tempered and restricted so as not to infringe on privilege areas or wander into the realm of irrelevant testimony. Control of the cross examination of a witness is to a great degree within the discretion of the trial court and will not be controlled unless abused. *McNabb v. State,* 70 Ga. App. 798 (29 SE2d 643); *Sweat v. State,* 63 Ga. App. 299 (11 SE2d 40). The two instances complained of here dealt with (1) a question which involved the privilege between an attorney and his client and (2) a matter the trial judge found to be irrelevant.

While the state's objection was sustained both questions were answered and these answers were not stricken from the record. We find no substance to this enumeration.

3. Appellant was tried in August of 1973. On July 1, 1973, a law enacted by the Legislature (Ga. L. 1973, pp. 292, 294; Code Ann. § 38-415), which eliminated the opportunity for an accused to make an unsworn statement became effective. The appellant now contends that since the crime for which he was accused was committed prior to the effective date of the Act, he should have been allowed to make an unsworn statement, in that a failure to do so violated the state and federal constitutional prohibition against ex post facto laws.

In order for a statute to violate the prohibition against ex post facto laws it must affect a substantive right of the accused. An accused does not have "A vested right in a mere mode of procedure." *Winston v. State,* 186 Ga. 573 (198 SE 667, 118 ALR 719); *Todd v. State,* 228 Ga. 746 (187 SE2d 831). An accused now, as before, has the right under Code Ann. § 38-415 to be sworn and give

testimony. In our opinion the right to make an unsworn statement was procedural only, and the change merely affects the manner in which evidence is received at trial. See *Walker v. State,* 132 Ga. App. 274.

4. Appellant complains that the trial court erred in not dismissing the murder indictment against him in that one of his co-defendants had been tried and acquitted on the murder charge prior to appellant's trial. We cannot agree with this contention.

Appellant was tried and convicted in a separate trial from that of his co-defendant, and in our opinion Code Ann. §§ 26-801, 26-802 control. Code Ann. § 26-801 (a) provides that "Every person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime." Code Ann. § 26-802 states that "any party to a crime who did not directly commit the crime may be indicted, tried, convicted, and punished for commission of the crime upon proof that the crime was committed and that he was a party thereto, although the person claimed to have directly committed the crime has not been prosecuted or convicted, or has been convicted of a different crime or degree of crime, or is not amenable to justice, or has been *acquitted."* (Emphasis supplied). The acquittal of one party to a crime does not bar the prosecution and conviction of another party to the crime in a separate and distinct trial of the issues. See Committee Notes to Ch. 26-8.

5. We have carefully reviewed the record and find the appellant's other enumerations of error to be without merit.

*Judgment affirmed. All the Justices concur.*

Argued June 11, 1974 — Decided September 3, 1974 — Rehearing denied September 17, 1974.

*John Thomas Chason, James C. Carr, Jr.,* for appellant.

*Lewis R. Slaton, District Attorney, Joel M. Feldman, J. Melvin England, Assistant District Attorneys, Arthur K. Bolton, Attorney General, Thomas P. Burke, Deputy Assistant Attorney General,* for appellee.