515 F.2d 564
 UNITED STATES of America, Plaintiff-Appellee,
v.
Isobel PRINCE, Judy Craft, a/k/a Sandy Woods, Robert Samuel
Young, a/k/a Robert Jensen, Melvina Young, a/k/a Tammy
Young, Amos Lane Bridges, a/k/a Sonny Bridges, Kathleen
Maude Muckenstrum, a/k/a Kim Baker, Liz Wilson, and Colleen
Burns, a/k/a Rebecca Williams, Becky, Mitzie, Defendants-Appellants.
 No. 74-3463.
 United States Court of Appeals,
Fifth Circuit.
 July 3, 1975.
 
 Thomas A. Livingston, Pittsburgh, Pa., for Prince.
 Norman S. London, L. J. Fleming, St. Louis, Mo., for Craft, Young, Young, Bridges, Muckenstrum & Burns.
 E. David Rosen, Miami, Fla., for defendants-appellants.
 Robert W. Rust, U. S. Atty., Donald L. Ferguson, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.
 Appeals from the United States District Court, Southern District of Florida.
 Before BELL, DYER and SIMPSON, Circuit Judges.
 BELL, Circuit Judge:
 
 
 1
 This is an appeal by defendants Robert Young, Amos Lane Bridges, Melvina Young, Kathleen Maude Muckenstrum, Judy Craft, Colleen Burns, and Isobel Prince from convictions on one count of conspiracy to engage in interstate prostitution activities in violation of Title 18, U.S.C.A. § 1952, and by defendants Robert Young, Amos Lane Bridges, and Melvina Young from convictions on one count of inducing a woman to engage in interstate prostitution activities in violation of Title 18, U.S.C.A. § 2422. In addition, Robert Young, Bridges, and Muckenstrum appeal from convictions on one count of engaging in interstate prostitution activities in violation of Title 18, U.S.C.A. § 1952. Defendants assert numerous errors in the proceedings of the district court; some assignments are assigned collectively, some individually. We find no error in those collective assignments or in Muckenstrum's claim of double jeopardy. We reverse as to appellant Prince.
 
 
 2
 Appellants first complain that a mistrial should have been declared due to certain remarks made by government counsel. During the opening statement, Counsel stated:
 
 
 3
 . . . you will hear Sally Burns testify this morning. She will be our first witness. She is going to tell you the truth. She is going to tell you how it all happened . . .
 
 
 4
 An objection was made to these remarks and it was moved that a mistrial be declared. The motion was denied and the jury was instructed to disregard the comments of the prosecutor.
 
 
 5
 This court has cautioned that it is "dangerous business" for a prosecutor to state to the jury that the United States government vouches for the honesty or veracity of its witnesses. Gradsky v. United States, 5 Cir., 1967, 373 F.2d 706, 710; McMillian v. United States, 5 Cir., 1966, 363 F.2d 165. The test as to whether the prosecutor has expressed an improper opinion is "whether the prosecutor's expression might reasonably lead the jury to believe that there is other evidence, unknown or unavailable to the jury, on which the prosecutor" relied. 363 F.2d 169 (Emphasis supplied). The remarks in the present case do not create such an impression. The cautionary instruction given by the court was sufficient to avoid error in the failure to grant a mistrial.
 
 
 6
 Appellants next attack the statute under which they were prosecuted. They argue that to be in violation of 18 U.S.C.A. § 1952 they must be found to be in violation of 61-8-5(b), West Virginia Code. That statute prohibits "prostitution . . . or procur(ing) another to commit an act of prostitution." It is submitted that because the term "prostitution" is not defined within the statute, that it is unconstitutionally void.
 
 
 7
 This court has recently held, however, that in § 1952 cases state law "merely serves a definitional purpose." United States v. Conway, 5 Cir., 1975, 507 F.2d 1047, 1051. There is no need to prove a violation of the state law as an essential element of the federal crime and therefore the failure to define a generic term according to state law is not error. Id. In Conway, we looked to United States v. Nardello, 1969, 393 U.S. 286, 89 S.Ct. 534, 21 L.Ed.2d 487, where the Supreme Court held that prosecutions under § 1952 were not restricted to state labels, but that it is sufficient for the acts to fall within the "generic term" charged. We need not concern ourselves, then, with the lack of a definition of "prostitution" within the West Virginia statute. That term is also a generic term and the definition of the trial court "sexual intercourse for hire" sufficiently described the offense. It is therefore unnecessary for us to decide the constitutionality vel non of the statute. We further find that there was sufficient evidence presented to sustain a verdict that prostitution was committed.
 
 
 8
 A third assignment of error looks to the jury instructions on burden of proof and on reasonable doubt.[1] Appellants point to one sentence of the charge as possibly shifting the burden of proof impermissibly from the government to them. They also object to the overall tone of the charge as being too strict upon the defendants. We also find no error in those contentions. The sentence complained of, that "he (the defendant) may rely upon evidence brought out on examination of witnesses for the government" is somewhat ambiguous but, taken in context, it does not shift the burden of proof to defendants.
 
 
 9
 We are required to consider a jury instruction in its entirety. Even if a portion of the charge, standing alone, would appear to shift the burden of proof to the defendant, there is no error if the jury is sufficiently informed where the burden lies. Todd v. Stynchcombe, 5 Cir., 1973, 486 F.2d 1030, 1031. In the charge before us, the jury was told repeatedly that the burden rested on the government, and the government alone, and that the burden never shifted throughout the trial. Likewise, we find no error in the instruction on reasonable doubt.
 
 
 10
 Appellant Muckenstrum individually argues that her prosecution in this case was barred by principles of double jeopardy. She was indicted and convicted in United States v. Muckenstrum, 5 Cir., 1975, 515 F.2d 568, also decided this day. That case also charged a conspiracy to engage in interstate prostitution activities in violation of 18 U.S.C.A. § 1952. Muckenstrum contends that the two conspiracies were really one continuing conspiracy and points to similarity of parties, witnesses, dates and acts for support. The only difference, according to her theory, is the point of travel: South Carolina in one instance, West Virginia in the other. While Muckenstrum and James Reed were common to both cases,[2] there were numerous other parties who were associated only with the South Carolina operation or the West Virginia operation but not with both. There is no evidence that the South Carolina conspiracy depended in any way on the West Virginia venture for its success or vice versa, or that they were a part of one operation. Although the two conspiracies were similar in nature, it is clear that they were not sufficiently related to establish one conspiracy. Thus jeopardy did not attach to Muckenstrum in the first proceeding such that the second was barred. See Dryden v. United States, 5 Cir., 1968, 403 F.2d 1008, 1009.
 
 
 11
 Appellant Isobel Prince challenges her conviction on the grounds that there was insufficient evidence to bind her to the conspiracy. This circuit has long adhered to the rule that once a conspiracy is shown to exist, slight evidence is all that is required to connect a particular defendant with the conspiracy. United States v. Reynolds, 5 Cir., 1975, 511 F.2d 603, 607; United States v. Warner, 5 Cir., 1971, 441 F.2d 821, 830; Lopez v. United States, 5 Cir., 1969, 414 F.2d 909, 911. The proof, however, must be individual and personal and the government must prove beyond a reasonable doubt that each member of the conspiracy had the deliberate, knowing, and specific intent to join the conspiracy. Mere association with conspirators or knowledge of the illegal activity is not sufficient. United States v. Falcone, 1940,311 U.S. 205, 210-11, 61 S.Ct. 204, 85 L.Ed. 128; United States v. Miller, 5 Cir., 1974, 500 F.2d 751, 764; United States v. Morado, 5 Cir., 1972, 452 F.2d 167, 175; Roberts v. United States, 5 Cir., 1969, 416 F.2d 1216, 1220; Causey v. United States, 5 Cir., 1965, 352 F.2d 203, 206. Here the only evidence relating to Prince is that she had a job in the house of prostitution in Wheeling, West Virginia and that on occasion she caught money as it was thrown down the stairs by prostitutes after they had collected from customers. She was not connected to management other than by her presence and by catching the money. There was no evidence that she knew of the conspiracy charged or that she was in any way associated with the interstate aspect of the prostitution endeavor.
 
 
 12
 Viewing the evidence in the light most favorable to the government as we are required to do, we nevertheless conclude that there was not sufficient evidence presented as to Prince and her conviction is reversed.
 
 
 13
 We find no merit in the hearsay evidence contention.
 
 
 14
 Affirmed as to appellants Robert Young, Bridges, Melvina Young, Muckenstrum, Craft, and Burns.
 
 
 15
 Reversed as to appellant Isobel Prince.
 
 
 
 [1]
 The jury instructions in question are as follows:
 The burden of proving a defendant guilty beyond a reasonable doubt rests upon the Government. This burden never shifts throughout the trial. The law does not require a defendant to prove his innocence or produce any evidence. He may rely upon evidence brought out on examination of witnesses for the Government. If the Government fails to prove a defendant guilty beyond a reasonable doubt, the jury must find him not guilty.
 A reasonable doubt means a doubt that is based on reason and common sense. It does not mean a mere possible doubt or a speculative or imaginary or forced doubt, because anything related to human affairs is open to some possible or imaginary doubt. It is the kind of doubt which would cause a reasonable person to hesitate in making a decision or in taking an important step in some serious matter in his own private affairs.
 
 
 [2]
 The jury could not reach a decision as to Reed and he was dismissed with prejudice